UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:06-CR-9

UNITED STATES OF AMERICA                                          PLAINTIFF

v.

RANDALL H. BURCHARD                                               DEFENDANT

**OPINION AND ORDER**

Defendant filed a Motion in Limine regarding investigative hearsay. (Docket # 33). The prosecution filed a Response. (Docket # 35). Defendant also filed a Motion in Limine to exclude evidence of other acts, wrongs, and crimes. (Docket # 22). The prosecution filed a Response. (Docket # 34). The prosecution filed a Motion in Limine to exclude evidence of law enforcement methods on October 28, 2005. (Docket # 43). Defendant responded. (Docket # 48). As the trial is set for July 9, 2007, these matters are ripe for adjudication. The Court now DENIES Defendant's Motion to Exclude Investigative Hearsay. The Court now GRANTS IN PART and DENIES IN PART Defendant's Motion to Exclude Evidence of Bad Acts. The Court now DENIES the prosecution's Motion to Exclude Evidence Regarding Initial Contact with Defendant on October 28, 2005.

**Defendant's Motion to Exclude Evidence of Bad Acts**

The prosecution gave notice of its intent to introduce evidence relation to the Defendant's activities at the Hickory House Lodge on October 12 and 13, 2005, as well as evidence of bad acts of Defendant on November 13, 2005. The Defendant claims this evidence should be excluded because it is irrelevant to the charges at hand and will be used to present him as a drug

user and a person participating in prostitution. The Defendant states that the prosecution need not introduce evidence as to why Defendant was in the company of the female witnesses, Kim Pace and Nicole, or why the Defendant contacted the police on the morning of October 13, 2005, because it does not serve to prove any material fact: whether the Defendant was using drugs or whether the Defendant possessed a weapon.

> Under Federal Rule of Evidence 404(b),
>
> Evidence of other crimes, wrongs, or acts is no admissible to prove the character of a person in order to show action conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial... of the general nature of any such evidence it intends to introduce at trial.

The Court holds that any direct reference to Defendant's alleged involvement in prostitution, or Defendant paying Nicole on the night of October 12-13, 2005, is not relevant to the proof of any material fact that the prosecution might introduce in this case and should be excluded from the jury.[1] However, the presence of Nicole and Pace is relevant to Defendant's alleged drug use on the night of October 12-13, 2005.

Evidence of the activities of the Defendant, Pace, and Nicole on the night of October 12-13, 2005, is relevant and admissible to the extent necessary to explain Defendant's call to the police reporting a theft and the following investigation on the morning of October 13, 2005. Defendant claims that this is not relevant to the current matter. However, the Court finds that the events of that evening are relevant to the extent they revealed possible drug use by defendant

---

[1] Defendant has indicated that the fact that Nicole stole money from Defendant is relevant to whether Defendant could purchase drugs later in that day. This is material, but the prosecution has not indicated that the information would be used for that purpose in its case.

2

with Ms. Pace and Nicole and explain the police's reason for investigation. Furthermore, Defendant's call to the police that morning is relevant to the extent during the investigation, officers discovered a weapon in Defendant's vehicle. Defendant claims that this evidence is highly prejudicial; it is also highly probative to the material elements of the charges against Defendant. Before introducing any evidence of prostitution, the parties shall first approach the Court.

**Defendant's Motion to Exclude Investigative Hearsay**

Defendant seeks to exclude evidence that the prosecution may wish to introduce regarding the statements of Kim Pace and Lori Sanderson Hicks. Kim Pace made statements to police officers on October 13, 2005, indicating that

1) She and Burchard smoked cocaine on October 12, 2005.
2) Burchard asked her to throw a sack with pipes and cocaine over the fence at the Hickory House Lodge on October 13, 2005.
3) She and Burchard smoked cocaine at the Nineteenth Street residence on October 13, 2005.
4) Burchard called a dealer to bring him six eight balls of cocaine at the Nineteenth Street residence on October 13, 2005.
5) Burchard cooked cocaine at Nineteenth Street on October 13, 2005.

Lori Sanderson Hicks complained to the police about Burchard's conduct. She met with officers on November 13, 2005, and disclosed that

1) Burchard tried to sell her drugs at her residence.
2) Burchard had visited the residence at least twice in the past three or four weeks buying cocaine from a woman named Karen.

Defendant moves the Court to hold that these assertions may not be offered to the Court for the truth of the statements by the officers to whom they were addressed because they constitute hearsay

3

during the investigation, or "investigative hearsay." Defendant asserts that the Federal Rules of Evidence prohibit hearsay as evidence at trial unless the statement falls into an enumerated exception to the rule. Fed. R. Evid. 802.

The prosecution acknowledges the general prohibition of hearsay in admissible evidence, but notes several instances in which Pace and Hicks's statements might be admissible. The Court agrees that, if Pace or Hicks testify regarding the above statements, the prosecution may introduce the officers' testimony confirming the above statements, either as impeachment of Hicks or Pace or as a prior consistent statement made by Hicks or Pace. Fed. R. Evid. 613; Fed. R. Evid. 801(d)(1)(B). Furthermore, the Court agrees that statements made *by the Defendant* are admissible when offered against him. Fed. R. Evid. 801(d)(2).

The Court also holds that the prosecution may offer testimony of the officers as to Pace and Hicks's statements where it is necessary to explain the course of their investigation. In *United States v. Aguwa*, the Court of Appeals for the Sixth Circuit held that officers may indicate hearsay statements made during their investigation "to provide background information and to explain how and why the agents even came to be involved with [the] particular defendant." 123 F.3d 418, 421 (6th Cir. 1997). These statements are not offered for the truth of the matter asserted, but are allowed when "offered to construct the sequence of events leading up to the drug transaction." *Id.* (quoting *United States v. Evans*, 883 F.2d 496, 501 (6th Cir. 1989)). Thus, officers are permitted to testify as to the statements of Pace leading them to investigate Burchard's alleged drug use on October 13, 2005, at the Nineteenth Street evidence, even if Pace does not testify. Similarly, the Court holds that officers may testify regarding Hicks' testimony on November 13, 2005, in order to explain why they investigated Defendant on that day and why they searched his person, regardless of whether Hicks

testifies.

**Prosecution's Motion to Exclude Law Enforcement Methods**

In the suppression hearing relating to this matter, officers testified that they obtained Defendant's presence at his mother's residence on October 28, 2005, through a fabricated story. Officers arrived at Defendant's mother's property, where they believed Defendant resided, and intended to search Defendant's vehicle. Defendant, however, was not present at the residence. Officers informed Defendant's elderly mother that he had been involved in an auto accident and that they required his presence to investigate him regarding that matter. Defendant's mother was persuaded to call Defendant. There was, in fact, no accident. The investigation continued when Defendant arrived on the premises. There are no charges against Defendant in this matter relating to any accident.

The prosecution contends that evidence of the officers' untruthfulness will not tend to prove or disprove any material facts in this matter regarding Defendant's possession of firearms and possession or use of illegal substances and should therefore be excluded as irrelevant. Fed. R. Evid. 401, 402. Defendant counters that the evidence is relevant as an impeachment of the testifying officers' credibility. The Court holds that the evidence of certain officers' fabrications in the course of their law enforcement duties may indicate the officers' "character for truthfulness or untruthfulness." Fed. R. Evid. 608(a)(1). Under the Federal Rules of Evidence, Defendant may introduce evidence of prior instances of untruthfulness to attack the credibility of the prosecution's witness. Fed. R. Evid. 608. However, no extrinsic evidence shall be admissible to prove whether the officers did fabricate a story to tell to Defendant's mother.

IT IS HEREBY ORDERED that:

Defendant's Motion to Exclude Evidence of Bad Acts under Federal Rule of Evidence 404(b) is GRANTED IN PART AND DENIED IN PART.

Defendant's Motion to Exclude Investigative Hearsay is DENIED.

Prosecution's Motion to Exclude Evidence Regarding Initial Contact with the Defendant on October 28, 2005, is DENIED.