UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:06-CR-9

UNITED STATES v. RANDALL H. BURCHARD

# JURY INSTRUCTIONS

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells a Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a Defendant is innocent. This presumption of innocence stays with the Defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that a Defendant is guilty, and this burden stays on the government from start to finish. You must find a Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

A Defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

## INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 5

You have heard the testimony of Kim Pace.  You have also heard that the government has promised her that she will not be prosecuted for her information and testimony regarding the Defendant in exchange for her cooperation.  It is permissible for the government to make such a promise.  But you should consider Kim Pace's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by the government's promises.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

**INSTRUCTION NO. 6**

Another thing about the testimony of Kim Pace.  You have heard that before this trial she was convicted of crimes.

The earlier convictions were brought to your attention only as a one way of helping you decide how believable her testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## INSTRUCTION NO. 7

### Possession of Firearm by Unlawful User of or Addict to a Controlled Substance

Counts I, II, and III of the Indictment charge Randall Burchard with violating federal law by knowingly possessing a firearm while being an unlawful user of a controlled substance or being addicted to a controlled substance.  For you to find the Defendant guilty of this crime, you must find that the government has proven each and every one of the following elements beyond a reasonable doubt:

(1)     That the Defendant was an unlawful user of a controlled substance or addicted to a controlled substance as specified in the Indictment; and

(2)     That the Defendant knowingly possessed a firearm as specified in the Indictment; and

(3)     That the specified firearm crossed a state line prior to the alleged possession.

The term "possession" is described in Instruction 8.  The Defendant does not have to own the firearm in order to possess the firearm.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The term "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician.  A one time use of a controlled substance is not sufficient to be an unlawful user under the applicable statute.  Rather, the Defendant must have been engaged in the regular use of a controlled substance either close in

time to or contemporaneous with the period of time he possessed the firearm. The law does not require that the Defendant used the controlled substance at the precise time he possessed the firearm. An inference that Defendant was an unlawful user of a controlled substance may be drawn from evidence of a pattern of use or pattern of possession of a controlled substance that reasonably covers the time a firearm was possessed.

The term "addict" with regard to drug use, means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt as to any one of these elements, then you must find the Defendant not guilty of this charge.

## INSTRUCTION NO. 8

Next, I want to explain something to you about possession

The term "possession" can mean either actual or constructive possession.  In other words, the government does not necessarily have to prove that the Defendant physically possessed the firearms for you to find him guilty of this crime.  The law recognizes two kinds of possession - actual possession and constructive possession.  Either one of these, if proved by the government to have existed contemporaneously with the Defendant being determined to be an unlawful user or addicted to a controlled substance, is enough to convict the Defendant.

To establish actual possession, the government must prove that the Defendant had direct, physical control over a firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over the firearms, and knew that he had this right, and that he intended to exercise physical control over a firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

One more thing about possession.  The government does not have to prove that the Defendant was the only one who had possession of a firearm.  Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present where something is located or just being present

with others who had possession is not enough to convict.  The government must prove that the Defendant had either actual or constructive possession of a firearm, and knew that he did, for you to find him guilty of this crime.  This, again, is all for you to decide.

**INSTRUCTION NO. 9**

You have heard the testimony of Tony Oakes, David Hack, Ryan Johnson, and Richard Vance, expert witnesses.  In addition, Officers Nathan Young, Ty Jackson, Daniel Crowfoot, Jerry Gore, and Kevin Neal were offered as experts in the area of the identity of certain items being related to the use of illegal drugs, but they had a dual role because they were also offered as fact witnesses for their participation in the circumstance described to you in the evidence.

An expert witness has special knowledge or experience that allows the witness to give an opinion.

You do not have to accept an expert's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions, and any dual role of the witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 10

The Defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

## INSTRUCTION NO. 11

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 12**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 13

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

## INSTRUCTION NO. 14

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### INSTRUCTION NO. 15

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**INSTRUCTION NO. 16**

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 17

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 18

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 19

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

**INSTRUCTION NO. 20**

One more thing about the requirement that your verdict must be unanimous. Counts I, II, and III of the Indictment accuse the Defendant of committing the crime of being prohibited from knowingly possessing a firearm in more than one possible way. The first is that he knowingly possessed a firearm while an unlawful user of a controlled substance. The second is that he knowingly possessed a firearm while being addicted to a controlled substance.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same on has been proved.

**INSTRUCTION NO. 21**

I have prepared verdict forms that you should use to record your verdicts.

If you decide that the government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 22

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the Defendant guilty beyond a reasonable doubt.